# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 22, 2024

Elizabeth S. Fenton, Esquire
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801

Sean Meluney, Esquire
Meluney Alleman & Spence LLC
1143 Savannah Road, Suite 3-A
Lewes, DE 19958

RE: ***Brex Inc. v. Dizhe Su,***
C.A. No. 2022-0758-MTZ

Dear Counsel:

I write to address plaintiff Brex Inc.'s motion to disqualify counsel for defendant and counterclaim plaintiff Dizhe Su. The motion is based on facts that are down in the weeds; I write for the parties who are already among them.

Brex seeks to disqualify Su's trial counsel under Rule 3.7(a) of the Delaware Lawyers' Rules of Professional Conduct (the "DLRPC"). That rule states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . disqualification of the lawyer would work substantial hardship on the client."[1] Because Su's lawyer is not likely to be a necessary witness, Rule 3.7(a) does not require disqualification.

---

[1] Del. Lawyers' R. Pro'l Conduct 3.7(a). The rule provides two other exceptions not applicable here.

Brex also seeks disqualification under DLRPC 1.9. Brex has waited too long and waived any conflict under that rule.

## I. Background

This action arises out of Brex's acquisition of Pry Financials, Inc. ("Pry"), which Su founded. The parties dispute (1) whether Su disclosed to Brex that Pry was involved in litigation before the acquisition closed, and (2) whether Brex terminated Su for cause after the acquisition closed. The parties refer to the litigation at issue as the "Beowawie Litigation," and I do the same. Gregory Patterson, Esquire, represented Pry and Su in the Beowawie Litigation.

Patterson and Su each communicated with Brex about Su's knowledge of the Beowawie Litigation. Part of this dispute is animated by purported differences in what they said. Su maintains that he had forgotten about the Beowawie Litigation during due diligence, and that he had had no contact with Patterson between October 2021 and March 2022.[2] Brex's counsel, Ryan Marsh, testified that on a May 9, 2022 call, Patterson "indicated" Patterson had spoken to Su in the two to three months prior.[3] Marsh passed along his impressions of his call with Patterson

---

[2] Docket item ("D.I.") 180 at Mot. [hereinafter "Mot."], Ex. 2 at 103, 152.

[3] *Id.* at Ex. 11 at 137.

to Brex's board.[4]   Brex contends the board considered the contradictions between the accounts, and terminated Su for cause.[5]

Patterson has represented Su in this litigation since it was filed in August 2022.  He was admitted *pro hac vice* on September of 2022.[6]  On July 21, 2023, Brex raised its belief that Patterson was "a material witness in this case."[7] Patterson was undeterred, and continued to serve as Su's lead counsel.[8]  Brex sought to depose Patterson, and Su resisted; addressing Brex's motion to compel, the special discovery master in this case concluded Patterson's knowledge about his communications with Su warranted a limited deposition.[9]  No party took exception.  At his deposition, Patterson testified that he does not remember the May 2022 call with Marsh, and that if he did say he spoke to Su three to four months before the call, he "was wrong."[10]

---

[4] *Id.*

[5] Mot. ¶ 18.

[6] D.I. 26.

[7] Mot., Ex. 15 at 2.

[8] *See id.* at 1.

[9] D.I. 147 at 11–14.  The Court thanks Sarah Delia for her work as discovery master.

[10] Mot., Ex. 4 at 78.

When I granted Brex's motion to compel, I asked Brex for its position on whether it intended to seek Patterson's disqualification.[11]   Brex's motion to disqualify followed, and was fully briefed and presented at argument on May 20, 2024.[12]

## II.   Analysis

Disqualification is a harsh result; the basis must be proven by clear and convincing evidence.[13]  "[M]otions grounded on [Rule 3.7] are rare and even more rarely granted."[14]  Rule 3.7(a) forbids a lawyer who is likely to serve as a necessary trial witness from serving as a trial advocate, absent substantial hardship on the client.[15]  This is in part because that situation "can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and

---

[11] D.I. 170 ("Brex shall supply the Court and Mr. Su with its position on whether it intends to seek disqualification of Mr. Patterson as Mr. Su's counsel given his role as a fact witness.").

[12] Mot.; D.I. 190 at Opp.; D.I. 198 at Reply; D.I. 207.  The transcript of the hearing on Brex's motion has not been finalized.  Citations in the form "Rough Tr. –" refer to a rough copy of the transcript.

[13] *McLeod v. McLeod*, 2014 WL 7474337, at *2 (Del. Super. Dec. 20, 2014).

[14] *In re Oxbow Carbon LLC Unitholder Litig.*, 2017 WL 3207155, at *6 (Del. Ch. July 28, 2017) (alterations in original).

[15] Del. Lawyers' R. Pro'l Conduct 3.7(a).

client."[16]  The situation is so fraught that the Court may, and indeed must, raise the issue on its own, and nonparties have standing to raise it as well.[17]  The parties here dispute whether Patterson is likely to be a "necessary" witness under the rule.

The rule's standard requiring disqualification if the lawyer is "likely to be a necessary witness" was introduced to raise the standard from "ought to be called as a witness," in an effort to reduce the rule's use in gamesmanship.[18]  Courts have discussed the "necessary" standard in terms of whether the lawyer or her testimony will be "central" or "essential" to the issues.[19]  Courts have concluded the rule is

---

[16] *Id.* at cmt. 1.

[17] *See In re Estate of Waters*, 647 A.2d 1091, 1095–98 (Del. 1994) (concluding the Court of Chancery's failure to disqualify counsel who was also a necessary witness was plain error, and noting the Court's obligation to raise the issue *ex mero motu*); *Oxbow Carbon*, 2017 WL 3207155, at *6 ("A non-client litigant only has standing to enforce the rule 'when he or she can demonstrate that the opposing counsel's conflict somehow prejudiced his or her rights.'" (quoting *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990)).

[18] *See In re Estate of Waters*, 647 A.2d at 1096.

[19] *Id.* at 1098 (reasoning the testimony was necessary because it was "central[] . . . to the contested issues"); *In re Straight Path Commc'ns Inc. S'holder Litig.*, 2022 WL 3654845, at *4 (Del. Ch. Aug. 25, 2022) (reasoning the testimony was necessary because would "presumably concern facts" that were "likely central to a primary issue in" the matter); *Harker v. Grimes*, 2022 WL 3665050, at *5 (Del. Ch. May 31, 2022) (concluding the movant had not demonstrated counsel's testimony was "essential to the matter at hand and only available through her testimony"); *McLeod v. McLeod*, 2014 WL 7474337, at *3 (Del. Super. Dec. 20, 2014) (explaining "necessary" means "necessary to the resolution of the suit" (internal quotation marks omitted) (quoting *Hull-Johnson v. Wilm. Tr.*, 1996 WL 769457, at *4 (Del. Super. Dec. 9, 1996))).

not triggered where testimony is cumulative or duplicative.[20]  Brex defined a necessary witness as "a witness that is needed to either prove or disprove your case-in-chief or your defense or your claims."[21]  Indeed, this Court has distinguished between a case-in-chief witness and a rebuttal fact witness, with the former being "more 'necessary'" under Rule 3.7(a).[22]

Su does not intend to call Patterson in his case-in-chief.[23]  Brex intends to call Patterson in its case-in-chief to bolster evidence that Patterson told Marsh that Patterson spoke with Su during the due diligence period, which Brex claims goes to whether Su was terminated for cause.[24]  Certainly, the reasons why Brex's board terminated Su are central to this case.  But Patterson's testimony is cumulative of and peripheral to Marsh's:  Marsh shared his own impression with the board.  Patterson's testimony is further peripheral to the issue of what the board did with

---

[20] *See Del. Tr. Co. v. Brady*, 1988 WL 94741, at *3 (Del. Ch. Sept. 14, 1988) (explaining Rule 3.7 requires that the attorney's testimony be "not merely cumulative" (internal quotation marks omitted) (quoting *Cannon Airways, Inc. v. Franklin Hldgs. Corp.*, 669 F. Supp. 96, 102 (D. Del. 1987))); *Harker*, 2022 WL 3665050, at *5 (denying a motion to disqualify where any testimony "would be merely cumulative or duplicative").

[21] Rough Tr. 48–49.

[22] *Straight Path*, 2022 WL 3654845, at *3 n.30.  The *Straight Path* court made this observation in the context of an attorney who was a potential case-in-chief witness for both parties. *Id.*

[23] Rough Tr. 75.

[24] *Id.* at 86–87; Mot. ¶¶ 27, 29.

Marsh's impression. And Patterson's testimony that he does not remember the call, and if he said he spoke to Su during that period he was wrong, does nothing to bolster the conflict between Marsh's and Su's testimony.

Brex also intends to call Patterson to demonstrate that in this litigation, he contradicted his statement to Marsh.[25] Patterson has not done that: he testified he does not remember the call, and that if he said he spoke to Su in that time period he was wrong. And the argument that someone is a necessary witness because they can be impeached presupposes that his testimony is necessary. As explained, it is not.

Brex also intends to call Patterson to demonstrate the board investigation Su is attacking as inadequate was deficient because Patterson gave Marsh "wrong" information.[26] This is a peripheral rebuttal argument, not a central case-in-chief argument.

I cannot conclude that Patterson is likely to be a necessary witness under DLRCP 3.7(a) at trial.

---

[25] Rough Tr. 87 ("So we need to figure out -- we need to ask Mr. Patterson what was the reason for the contradiction.").

[26] *Id.* at 86–88; Mot. ¶ 30.

Brex also seeks disqualification under DLRPC 1.9. Brex contends that Patterson represented Pry before the merger in the Beowawie Litigation, and so he represented Brex for four months "after Pry was legally subsumed post-merger into Brex."[27] From there, Brex complains that Patterson now represents Brex's adversary in litigation concerning what Brex knew about the Beowawie Litigation. Brex filed this action in August 2022, and knew that month that Patterson represented Su.[28] Brex was confident that it knew enough to threaten disqualification by July 2023.[29] Brex did not seek disqualification until April 2024, only a little over three months before trial is scheduled in this matter.[30] Such a delay from learning of the facts supporting disqualification, which creates more prejudice for the nonmovant than it could possibly alleviate for the movant,

---

[27] Mot. ¶ 36.

[28] D.I. 1; *e.g.*, D.I. 8 at 16 (opposition to Brex's motion to expedite, with Patterson appearing on the signature block as counsel for Su).

[29] Mot., Ex. 15 at 2–3.

[30] D.I. 52 ¶ 1(r). At argument, Brex explained its motion under DLRPC 3.7 was only strong enough to bring once Patterson had been deposed. Rough Tr. 46. I do not see how Patterson's deposition testimony makes any difference under DLRPC 1.9.

constitutes waiver.[31]   Brex has waived its claim for disqualification under DLRPC

1.9.

### III.   Conclusion

Brex's motion for disqualification is **DENIED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*

---

[31] *See In re The Hawk Mountain Tr. Dated Dec. 12, 2002*, 2015 WL 5243328, at *6 (Del. Ch. Sept. 8, 2015) ("Delaware courts generally waive disqualification claims if the parties fail to assert them in a proper or timely manner."); *Kenton v. Bellevue Four, Inc.*, 1999 WL 463684, at *1 (Del. Super. Apr. 26, 1999) ("A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." (internal quotation marks omitted) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 729 (11th Cir. 1988))).